UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTOR LOPEZ,

                            *Plaintiff*,

        -against-

PARAMOUNT GLOBAL f/k/a VIACOMCBS INC,
and SHOWTIME NETWORKS INC

                            *Defendants*.
------------------------------------------------------------------X

Docket No.:

**COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff Victor Lopez ("Plaintiff"), by and through his attorneys, Ballon Stoll P.C., complaining of Defendants Paramount Global f/k/a ViacomCBS Inc ("Paramount") and Showtime Networks Inc ("Showtime"), (collectively "Defendants"), alleges upon personal knowledge, unless where information and belief is stated, the following:

1. This is an action brought for substantial compensatory damages and reasonable counsel fees premised upon the Defendants' acts of unlawful discrimination based on Plaintiff's race and national origin as well as retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") 42 U.S.C. §2000e, *et seq.*, the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law") § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 2000-e5(f)(1),5(f)(3), and supplemental jurisdiction over Plaintiff's State and City law claims pursuant to 28 U.S.C. § 1367.

3. As the Southern District is the district where a substantial part of the events giving rise to the claims occurred, venue is proper within this district pursuant to 28 U.S.C. § 1391(a)(2).

4. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants on November 9, 2022, in which he alleged, *inter alia*, that Defendants discriminated against Plaintiff and retaliated against Plaintiff as alleged in this Complaint.

5. On November 16, 2022, the EEOC issued a right-to-sue letter under, *inter alia*, Title VII. A copy of the EEOC right-to-sue letter is attached hereto as **Exhibit A**.

## THE PARTIES

*Plaintiff*

6. Plaintiff is a "person" within the meaning of 42 U.S.C. § 2000e(a); Executive Law § 292(1); and Administrative Code § 8-102(1).

7. At all relevant times, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f); Executive Law § 292(6); and Administrative Code §8-102.

8. Plaintiff is a (36) year old male of Black-Hispanic race and African descent.

9. Plaintiff resides in the County of Kings, State of New York.

*Defendants*

10. Paramount is a corporation organized under the laws of the State of Delaware, having a principal place of business at 1515 Broadway, New York, NY 10036.

11. Showtime is a corporation organized under the laws of the State of Delaware, having a principal place of business at 1515 Broadway, New York, NY 10036

12. At all relevant times, Paramount was an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b); Executive Law § 292(5); and Administrative Code § 8-102.

13. At all relevant times, Showtime was an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b); Executive Law § 292(5); and Administrative Code § 8-102.

14. Paramount was formerly, and at all relevant times, known as ViacomCBS Inc.

15. To the extent Paramount and ViacomCBS Inc were different entities, Paramount succeeded to all relevant interests and liabilities of ViacomCBS Inc.

16. At all relevant times, Showtime was a subsidiary of Paramount (then known as ViacomCBS Inc).

17. At all relevant times, Paramount (then known as ViacomCBS Inc) so controlled Showtime in the area of personnel practices and employment action that Showtime was its agent or instrumentality.

## JURY DEMAND

18. Plaintiff hereby demands a trial by jury in this action.

## FACTS

19. Plaintiff began working for Showtime on or around September 2018 as an Executive Producer.

20. Primarily, Plaintiff was responsible for developing content and strategies to be utilized by subordinates to develop a show, preparing the host of the show, making sure the show airtime was sufficient to ultimately increase viewer rates, and making the show a success.

21. In or about February 2021, Plaintiff filed an internal complaint against Anthony Hernandez ("Hernandez"), for yelling at, cursing at, and making vague physical threats against Plaintiff on a phone call after Plaintiff had disagreed with Hernandez's remarks during a meeting earlier in the day.

22. Hernandez had the same job title as Plaintiff and reported to the same supervisors.

23. Hernandez was not Black-Hispanic and not of African descent, and, upon information and belief, was Caucasian.

24. Despite filing a formal, internal complaint against Hernandez, and following up with Defendants' human resources department ("HR") representative Lashandra Washington and Plaintiff's supervisor, Brendan Countee, Defendants did not address Plaintiff's concerns or investigate, much less discipline Hernandez.

25. In November 2021, Plaintiff complained about workplace discrimination to his supervisors, Gary Levine and Jana Winograd. Specifically, Plaintiff complained how there was a culture of retaliation against persons of color at the workspace, how Hernandez mistreated his subordinates that were persons of color, and how said subordinates did not speak up for fear of retaliation.

26. In response, Levine dismissed Plaintiff's complaint and told Plaintiff to "just get on with it."

27. In early December 2021, as a direct result of his complaint in November 2021, Plaintiff was banned from entering his workplace.

28. In subsequent communications with Defendants' legal counsel, as well as from subsequent questions asked of Plaintiff by Defendants' HR personnel, it became apparent that Plaintiff was banned and being investigated for raising his voice to himself in an isolated hallway after he discovered that he had been exposed to employees that had violated COVID-19 protocols and tested positive for COVID-19; and it further became apparent that Plaintiff was banned from the workplace because in November 2021, he had complained about racial discrimination in his workplace.

29. Plaintiff to date has not been allowed to return to the workplace.

30. In addition, between January 2022 and October 2022, as a result of Plaintiff's complaint about racial discrimination in November 2021, Plaintiff's weekly pay was reduced by 66% without being given any notice or reason for the reduction.

31. Despite Plaintiff not directing his raised voice at anyone compared to Hernandez who specifically cursed at, yelled at, and threatened Plaintiff, Plaintiff was banned from the workplace, investigated, and given a 66% pay cut while Hernandez was not even investigated, much less banned or had his pay cut. It can, therefore, be inferred that Plaintiff was subject to such treatment because of his race and national origin and because he complained about discrimination to his supervisors in November 2021.

32. As a result of being banned from his workspace, Plaintiff's reputation and career prospects have been severely damaged.

33. Plaintiff has also suffered extreme emotional distress from Defendants' unlawful actions described above.

## FIRST CAUSE OF ACTION
### (Retaliation in violation of Executive Law § 296, *et seq.* against all Defendants)

34. Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

35. Defendants retaliated against Plaintiff for engaging in protected activity in violation of Executive Law § 296, *et seq.*

36. Furthermore, by reason of the continuous nature of Defendants' unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continued to have an adverse and prejudicial impact on Plaintiff.

37. As a result of Defendants' retaliatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost career prospects, and attorneys' fees.

38. As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress.

## SECOND CAUSE OF ACTION
**(Retaliation in violation of Administrative Code § 8-107, *et seq.*
against all Defendants)**

39. Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

40. Defendants retaliated against Plaintiff for engaging in protected activity in violation of Administrative Code § 8-107, *et seq*.

41. Furthermore, by reason of the continuous nature of Defendants' unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continued to have an adverse and prejudicial impact on Plaintiff.

42. As a result of Defendants' retaliatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost career prospects, and attorneys' fees.

43. As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress.

## THIRD CAUSE OF ACTION
**(Retaliation in violation of Title VII, 42 U.S.C. §2000e, *et seq.*
against all Defendants)**

44. Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

45. Defendants retaliated against Plaintiff, for engaging in protected activity in violation of Title VII, 42 U.S.C. §2000e, *et seq.*

46. Furthermore, by reason of the continuous nature of Defendants' unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continued to have an adverse and prejudicial impact on Plaintiff.

47. As a result of Defendants' retaliatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost career prospects, and attorneys' fees.

48. As a result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress.

### FOURTH CAUSE OF ACTION
**(National Origin and Race Discrimination in violation of Executive Law § 296, *et seq.* against all Defendants)**

49. Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

50. Defendants discriminated against Plaintiff based on his national origin and race in violation of Executive Law § 296, *et seq.*

51. This discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

52. Furthermore, by reason of the continuous nature of Defendants' unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continued to have an adverse and prejudicial impact on Plaintiff.

53. As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost career prospects, and attorneys' fees.

54. As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer emotional distress.

### FIFTH CAUSE OF ACTION
### (National Origin and Race Discrimination in violation of Administrative Code § 8-107, *et seq.* against all Defendants)

55. Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

56. Defendants discriminated against Plaintiff based on his national origin and race in violation of Administrative Code §8-107, *et seq.*

57. This discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

58. Furthermore, by reason of the continuous nature of Defendants' unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continued to have an adverse and prejudicial impact on Plaintiff.

59. As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost career prospects, and attorneys' fees.

60. As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer emotional distress.

## SIXTH CAUSE OF ACTION
### (National Origin and Race Discrimination in violation of Title VII, 42 U.S.C. §2000e, *et seq.*, against all Defendants)

61. Plaintiff re-alleges and incorporates all prior paragraphs herein by reference.

62. Defendants discriminated against Plaintiff based on his national origin and race in violation of Title VII, 42 U.S.C. §2000e, *et seq.*

63. This discrimination was a result of intentional actions by Defendants, and/or deliberate indifference by Defendants.

64. Furthermore, by reason of the continuous nature of Defendants' unlawful treatment of Plaintiff, which persisted throughout the relevant periods mentioned above, Plaintiff is entitled to the application of the continuing violations doctrine to all violations alleged herein as the actions of Defendants continued to have an adverse and prejudicial impact on Plaintiff.

65. As a result of Defendants' discriminatory conduct, Plaintiff has incurred, and will continue to incur damages thereby, but not limited to lost income, lost career prospects, and attorneys' fees.

66. As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer emotional distress.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, awarding Plaintiff compensation and other damages in the form of lost income, forward pay, lost career opportunities, and other monies unlawfully denied to Plaintiff, as well as for severe emotional distress.

1. On the First Cause of Action, judgment against Defendants in an exact amount to be determined at trial; and

2. On the Second Cause of Action, judgment against Defendants in an exact amount to be determined at trial; and

3. On the Third Cause of Action, judgment against Defendants in an exact amount to be determined at trial; and

4. On the Fourth Cause of Action, judgment against Defendants in an exact amount to be determined at trial; and

5. On the Fifth Cause of Action, judgment against Defendants in an exact amount to be determined at trial; and

6. On the Sixth Cause of Action, judgment against Defendants in an exact amount to be determined at trial; and

That Plaintiff has such other, further, and different relief as the Court deems just, proper, and equitable in the circumstances, together with interest on all Causes of Action, and the costs and disbursements in this action.

Dated: New York, New York
February 9, 2023

BALLON STOLL P.C

By: *s/Marshall Bellovin*
Marshall B. Bellovin, Esq.
*Attorneys for Plaintiff*
810 Seventh Avenue, Suite 405
New York, New York, 10019
(T) 212-575-7900