UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR LOPEZ,<br><br>         Plaintiff,<br><br>   -against-<br><br>PARAMOUNT GLOBAL f/k/a VIACOMCBS INC. and SHOWTIME NETWORKS INC.,<br><br>         Defendants. | Case No. 1:23-cv-01126 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Victor Lopez ("Plaintiff") brought this action against Paramount Global f/k/a ViacomCBS Inc. and Showtime Networks Inc. (together, "Defendants") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, *et seq*. Dkt. 1 ("Compl."). On June 30, 2023, the Court, having been advised that all claims had been settled in principle, entered an Order of Dismissal in this action without prejudice to the right to reopen the action within thirty days if the settlement was not consummated. Dkt. 17 ("Order"). Now before the Court is Plaintiff's Motion for Relief, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), from the Court's June 30, 2023 Order. Dkt. 18. For the reasons set forth below, Plaintiff's Motion is DENIED.

## BACKGROUND

  On February 9, 2023, Plaintiff filed his initial complaint, asserting that Defendants unlawfully retaliated against him and discriminated against him based on his race and national origin in violation of Title VII of the Civil Rights Act of 1964, New York State Human Rights Law, and New York City Human Rights Law. Compl. ¶ 1. On June 20, 2023, the parties

participated in a mediation conference before impartial mediator Michael S. Gordon, Esq., in an attempt to settle this matter. Dkt. 23 ("Coyne Decl.") ¶ 3. On June 26, 2023, Mr. Gordon informed the parties that his proposal to settle the matter was accepted by both parties. Id. ¶ 4; Dkt. 23-1 at 1.

On June 30, 2023, upon receiving notification that the parties had settled in principle, the Court issued an Order of Dismissal and granted the parties the right to reopen the action within thirty days of the Order if the settlement was not consummated. Dkt. 17. The Order underscored that "any application to reopen must be filed by the aforementioned deadline" and that "any application to reopen filed thereafter maybe denied solely on that basis." Id. (emphases omitted). The Order further clarified that if the parties wished for the Court to retain jurisdiction for the purposes of enforcing any settlement agreement, they had to submit the agreement to the Court for its endorsement by the deadline to reopen. Id.

On July 2, 2023, the parties commenced discussions regarding the terms of the settlement agreement and confidentiality agreement. Coyne Decl. ¶ 6. On July 19, 2023, Plaintiff's counsel, Michael B. Bellovin, emailed defense counsel, Michael A. Coyne, a redlined version of the settlement agreement seeking, for the first time, a non-disparagement clause. Id. ¶¶ 7-9. On August 5, 2023, Mr. Coyne provided final versions of the settlement agreement and confidentiality agreement for Plaintiff's review. Id. ¶ 10. After several follow-up emails, Mr. Bellovin indicated on August 17, 2023, that his client objected to a proposed releasee and to the non-disparagement clause of the settlement agreement as drafted. Id. ¶ 11. In response, Mr. Coyne agreed to remove the releasee from the settlement agreement and offered a compromise position regarding the non-disparagement clause. Id. ¶¶ 12-13. Mr. Coyne thereafter reached out to Mr. Bellovin multiple times in September 2023 without receiving any response. Id. ¶ 14.

On October 31, 2023, Mr. Coyne made a final proposal with respect to the non-disparagement clause. *Id.* ¶ 16; Dkt. 23-2 at 2. Mr. Coyne followed-up with Mr. Bellovin multiple times in November 2023 without receiving any response. Coyne Decl. ¶ 17; Dkt. 23-2 at 1. In December and January 2023, Mr. Bellovin emailed Mr. Coyne on several occasions to schedule a call, but never conveyed his client's position on Defendant's October 31, 2023 proposal. Dkts. 23-3, 23-4, 23-5.

The parties ultimately discussed the non-disparagement provision of the settlement agreement in February 2024. Coyne Decl. ¶ 22. On February 13, 2024, Mr. Coyne emailed Mr. Bellovin a revised version of the provision, and Mr. Bellovin indicated that he would share it with his client. *Id.* ¶¶ 23-24. Mr. Bellovin did not reach out to defense counsel again until May 30, 2024, when he asked whether the parties could discuss the outstanding non-disparagement issue. *Id.* ¶ 27; Dkt. 23-6 at 6. The parties discussed scheduling a call but do not appear to have identified a mutually agreeable time. *See generally* Dkts. 23-6, 23-7. The last correspondence between the parties was on June 19, 2024, when Mr. Coyne provided his availability for a call. Dkt. 23-7 at 1.

On June 30, 2024, Plaintiff filed the underlying motion, seeking relief pursuant to Rule 60(b)(1) and 60(b)(6) from the Court's Order of Dismissal. Dkt. 20 ("Mot."). On July 24, 2024, Defendants filed their opposition to Plaintiff's motion, Dkt. 22 ("Opp."), and on July 31, 2024, Plaintiff filed a reply, Dkt. 24 ("Reply").

Plaintiff moves to reopen the case because the settlement has not been finalized yet. Mot. at 2. In his declaration in support of his motion, Plaintiff's counsel asserts that, "to Plaintiff's surprise, despite extensive and ongoing correspondence and telephonic communications between counsel for the parties since the date of the Order, the parties have still been unable to agree to

3

final non-economic terms for the settlement agreement; and, consequently, to date, no written settlement agreement has been executed." Dkt. 19 ¶ 7. Defendants contend that Plaintiff's motion is untimely and that it fails to put forth any exceptional circumstances that would warrant relief under Rule 60(b) and should therefore be denied in its entirety. Opp. at 1.

## DISCUSSION

Rule 60(b) provides "grounds on which a court, in its discretion, can rescind or amend a final judgment or order." *Reid v. City of New York*, No. 20-cv-00644 (GBD), 2024 WL 36880, at *2 (S.D.N.Y. Jan. 3, 2024) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Under Rule 60(b)(1), the court may relieve a party from a final judgment or order for, among other things, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Generally[,] this provision has been invoked to remedy the mistake of a party or his representatives." *Stefanopoulos v. City of New York*, 299 F. App'x 49, 50 (2d Cir. 2008) (summary order) (quoting *In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981)). Moreover, under Rule 60(b)(6), a court may grant relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A party may invoke Rule 60(b)(6) only when none of the other five grounds for relief applies." *Reid*, 2024 WL 36880, at *2.

As a general matter, however, Rule 60(b) motions are "disfavored and reserved for exceptional cases." *Simon v. United States*, No. 12-cv-05209 (ER), 2020 WL 832887, at *3 (S.D.N.Y. Feb. 20, 2020). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61. Indeed, "[r]elief under Rule 60(b) is only warranted if the defendant presents highly convincing evidence that demonstrates extraordinary circumstances justifying relief." *Hoffenberg v. United States*, No. 00-cv-01686 (RWS), 2010 WL 1685558, at *4 (S.D.N.Y. Apr. 26, 2010) (quotation marks omitted), *aff'd*, 333 F. App'x 625 (2d Cir. 2009) (summary order). Moreover, "when parties

4

agree to a disposition of a case without proceeding to trial, 'the burden to obtain Rule 60(b) relief is heavier.'" *Edelstein v. 360 Sports Mgmt., Inc.*, No. 15-cv-02077 (PAE), 2017 WL 1434476, at *2 (S.D.N.Y. Apr. 21, 2017) (quoting *Nemaizer*, 793 F.2d at 61).

## ANALYSIS

Plaintiff moves for relief from the Court's Order of Dismissal pursuant to Rule 60(b)(1) and (6). Dkt. 18. For the foregoing reasons, the Court denies Plaintiff's motion.

First, Plaintiff's motion far exceeds the 30-day deadline for reopening this action set forth in the Court's Order. Dkt. 17. The Order explicitly provided that "any application to reopen must be filed" within 30 days and that "any application to reopen filed thereafter may be denied solely on that basis." *Id.* (emphases omitted). Plaintiff brought the underlying motion 360 days after the Order, and 336 days after the Court's deadline to reopen expired. Plaintiff never requested an extension of the Court-ordered deadline and has not provided any justification or explanation for his failure to do so. Plaintiff's violation of the Court's Order is by itself a basis for denial of his Motion. *See, e.g.*, *Grabois v. Dura Erect Corp.*, 981 F. Supp. 295, 297 (S.D.N.Y. 1997) (noting that objectives of a 30-day order, including "bring[ing] a litigation to a speedier resolution," are "defeated if the 30-day order is interpreted to give parties unlimited time to seek reinstatement of the action").

Moreover, Plaintiff's motion is separately untimely under Rule 60(c), which provides that a "motion under Rule 60(b) must be made within a reasonable time . . . no more than a year after the . . . order." Fed. R. Civ. P. 60(c)(1). Even if brought within a year, as here, a motion for relief pursuant to Rule 60(b) must still be "made within a reasonable time." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *see Cavalier Label Co. Inc. v. S.S. Lilika*, 71 F.R.D. 395, 396 (S.D.N.Y. 1976) ("While the motion was interposed strictly within the time limit of the Rule, that time limit is merely an outer limit."). When a Plaintiff files a Rule 60(b) motion almost a

5

year after the entry of the order from which it seeks relief, "his burden to show that he filed the Motion within a reasonable time is high." *Reid*, 2024 WL 36880, at *4. Here, "[p]laintiff has not provided any reason for the delay and therefore does not meet his burden." *Id*. Plaintiff had notice of the dismissal; never asked for an extension; and, even as the parties' negotiations dragged on, waited for months before filing the instant motion.

      Finally, Plaintiff fails to put forth "exceptional circumstances" warranting relief under Rule 60(b)(1) or (6). Plaintiff moves under Rule 60(b)(1) on the ground that he was "surprise[d]" by the parties' failure to reach agreement on the noneconomic terms of the settlement and finalize the settlement agreement. Mot. at 2. That is far from an "exceptional circumstance" warranting relief from a dismissal order. *Nemaizer*, 793 F.2d at 61. The appropriate course of action herein would have been for Plaintiff to have sought an extension of the Court's 30-day deadline *prior to* its expiration, upon realizing that the terms of the settlement agreement had not yet been finalized. Plaintiff's counsel elected not to do so, presumably on the assumption that the parties would soon reach consensus on the noneconomic terms and finalize the agreement. That may have been a miscalculation on counsel's behalf, but it is not a basis for now reopening this matter. "[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment." *Id.* at 62; *Bey v. Iaquinto*, 12-cv-05875 (JCF), 2016 WL 462412, at *4 (S.D.N.Y. Feb. 4, 2016) ("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party" only "when the party has made an *excusable* litigation mistake." (emphasis added) (citation omitted)). The Court is particularly disinclined to revisit the action here where, following a conference with an independent mediator, the parties jointly agreed to settle. "[W]hen a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment

6

of the consequences was incorrect." *Edelstein*, 2017 WL 1434476, at *2 (quoting *United States v. Bank of N.Y.*, 14 F.3d 576, 759 (2d Cir. 1994)); *Saavedra v. Mrs. Bloom's Direct, Inc.*, No. 17-cv-02180 (OTW), 2019 WL 4727578, at *2 (S.D.N.Y. Sept. 27, 2019) ("[W]hen parties agree to a disposition of a case without proceeding to trial, the burden to obtain Rule 60(b) relief is heavier." (citation omitted)). "[R]elief is generally not available to a party who comes to regret his decision to voluntarily dismiss his case." *Bey*, 2016 WL 462412, at *3.

Moreover, upon a review of the parties' correspondence, as appended to Mr. Coyne's declaration, it appears that any delay in the finalization of the settlement terms is attributable, at least in part, to Plaintiff's counsel's own non-responsiveness. *See generally* Dkts. 23-2 to -6. Defendants also represent that they "have never disavowed the parties' settlement and stand ready to complete the settlement agreement, including payment of the agreed-upon consideration," and the parties' email correspondence reflects Defendants' willingness to negotiate the non-disparagement provision. Opp. at 3. Under these circumstances, granting relief under Rule 60(b) is inappropriate.

In the alternative, Plaintiff moves under Rule 60(b)(6)'s provision for relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) may only be invoked "when there are extraordinary circumstances justifying relief"; "when the judgment may work an extreme and undue hardship"; and "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer*, 793 F.2d at 63. Plaintiff clearly does not meet this threshold. Plaintiff does not proffer any rationale for why he is entitled to relief under Rule 60(b)(6), let alone extraordinary circumstances. Given Defendants' willingness to continue negotiating the settlement agreement and to abide by the agreed-upon consideration, Plaintiff has also failed to show any extreme or undue hardship.

7

*PDK Commercial Photographers, Ltd. v. Eagle Transfer Corp*. is directly on point. No. 20-cv-00055 (LJL), 2020 WL 8642104 (S.D.N.Y. Nov. 30, 2020). In that case, plaintiff moved to reopen the action on the ground that the defendant had failed to make the settlement payment agreed to by the parties. *Id*. at *1. The court denied plaintiff's motion to reopen the action, which was brought 161 days after the expiration of the Court's 30-day order, noting that the "order expressly warned that any motion to reopen the action filed after thirty days could be denied solely on the basis of timeliness." *Id.* at *2. The court further found that plaintiff had "not presented excusable neglect or any other basis under Fed. R. Civ. P. 60(b) to warrant reopening the action." *Id.* The court underscored that, "[i]f the settlement agreement had not been finalized and the parties needed more time to do so, they could have moved the Court for an extension of the 30-day order." *Id.* So too here: Plaintiff's order is untimely, unjustified under Rule 60(b), and could readily have been avoided had Plaintiff promptly sought extensions from the Court.[1]

---

[1] Plaintiff argues that in *PDK Commercial Photographers*, the court denied the motion to reopen "because 'the appropriate forum to bring an action to enforce that agreement is in state court.'" Reply at 2 (quoting *PDK Com. Photographers*, 2020 WL 8642104, at *5). Therefore, Plaintiff argues, "it is of little precedential consequence that Judge Liman also criticized the plaintiff for failing to request further extensions of the Court's deadline to reopen the case or deemed the plaintiff failed to demonstrate excusable neglect for its failure to move to reopen the case 161 days after that deadline." *Id*. Plaintiff misconstrues the court's holding. The court denied the motion based on its untimeliness and its failure to satisfy Rule 60(b)'s requirements, and in the alternative, held that the proper forum for enforcement of the parties' settlement agreement was state court. *PDK Com. Photographers*, 2020 WL 8642104, at *2. Plaintiff's efforts to distinguish *PDK Commercial Photographers* on the facts are likewise unpersuasive. Plaintiff argues that the plaintiff in *PDK Commercial Photographers* "sat idle for four months" before suing to enforce the agreement. Reply at 2. A review of the parties' negotiating history evinces that Plaintiff here, too, has engaged in dilatory conduct. Nor does the Court find dispositive that the plaintiff in *PDK Commercial Photographers* specifically requested a 30-day deadline. Irrespective of whether the parties in this case specifically sought out a 30-day deadline, the deadline in this case was Court-ordered and therefore the parties were expected to comply with it.

The cases that Plaintiff relies upon do not compel a contrary result. *Hoefer v. Board of Education of the Enlarged School District of Middletown* and *Muze Inc. v. Digital on Demand, Inc.* addressed orders of discontinuance that did not specify the time period within which the parties needed to request reinstatement. *Hoefer*, 820 F.3d 58, 64 (2d Cir. 2016); *Muze*, 356 F.3d 492, 493 (2d Cir. 2004). Even in those circumstances, the Second Circuit held that parties needed to move for reinstatement within a "reasonable time." *Muze*, 356 F.3d at 495 (holding that plaintiff's request for reinstatement was proper where brought just six days after the expiration of the final settlement period); *Hoefer*, 820 F.3d at 64 (holding that dismissal of action was not justified where plaintiff made submission to court regarding settlement negotiations 69 days after the close of the 60-day period). And in *Smith v. Nations Recovery Center*, the court excused plaintiff's failure to move to reopen the action within the 60-day deadline because defendant had made "repeated requests for extensions from Plaintiff to comply with the terms of the settlement in light of the COVID-19 pandemic," and plaintiff made her request "within a reasonable period of time." No. 19-cv-01229 (MAD), 2020 WL 3479496, at *1 (N.D.N.Y. June 25, 2020). Those are not the circumstances here.

## CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Relief from the Court's June 30, 2023 Order of Dismissal is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 18.

Dated: November 12, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
_____
JENNIFER L. ROCHON
United States District Judge